UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
LENIN HERRERA,

        Petitioner,                  **MEMORANDUM & ORDER**

    - against -                     18 Cr. 13 (NRB)
                                      19 Civ. 10637 (NRB)

UNITED STATES OF AMERICA,

        Respondent.
----------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Lenin Herrera petitions this Court to vacate his sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel based on his attorney's decision not to contest during sentencing a sentencing enhancement to which Herrera had agreed in his plea agreement. The Court denies Herrera's petition for the reasons stated herein.

**BACKGROUND**

    On November 6, 2017, law enforcement officers detained Herrera after a police canine alerted them to the smell of drugs in Herrera's car during a traffic stop. Compl. (ECF No. 1) ¶ 4(e)-(g).[1] After Herrera was brought to the police station, he told the officers that he wanted to cooperate, and apprised them

---

[1] All ECF citations are to the docket for Herrera's criminal case, 18 Cr. 13.

1

of a "trap" in the rear middle console of the car that he used to conceal drugs. Id. ¶ 4(h). As the car had also been seized and brought to the station, law enforcement opened the trap and found several kilograms of cocaine. Id. ¶¶ 4(j), 5. Herrera was arrested and charged by complaint that day. Id. ¶ 5.

Herrera's car was later transferred to the United States Marshals Service for forfeiture. On December 19, 2017, while preparing Herrera's car for auction, United States Marshals discovered a .380 Smith & Wesson handgun hidden inside the trap. PSR (ECF No. 23) ¶ 19.

On January 8, 2018, a federal grand jury returned a three-count indictment against Herrera. See Indictment (ECF No. 9). Count One of the indictment charged Herrera with knowingly and intentionally distributing and possessing with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Id. ¶¶ 1-2. Count Two charged Herrera with intentionally and knowingly conspiring to do the same in violation of 21 U.S.C. § 846. Id. ¶¶ 3-5. Count Three of the indictment charged Herrera with knowingly using and carrying a firearm during and in relation to the drug offenses charged in Counts One and Two, and, in furtherance of those offenses, possessing a firearm, all in violation of 18 U.S.C. § 924(c)(1)(A)(i). Id. ¶ 6. Counts One and Two each carried a mandatory minimum sentence of 60 months' imprisonment. So, too,

did Count Three, but, pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), the sentence for Count Three was required to run consecutively to any other term of imprisonment.

On March 20, 2018, Herrera pled guilty to Count One of the indictment pursuant to a plea agreement with the Government (the "Plea Agreement"). See Plea Tr. (ECF No. 19) at 28:9-11. The Plea Agreement contained stipulations setting forth how Herrera's sentence would be calculated under the United States Sentencing Guidelines (the "Guidelines"). Plea Agreement at 2-3. One of the stipulations was a two-level increase to Herrera's base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Id. at 2. Based on these stipulations, Herrera agreed to a Guidelines sentencing range of 87 to 108 months' imprisonment (the "Stipulated Guidelines Range"). Id. at 3. He also agreed not to seek any departure from or adjustment to the Stipulated Guidelines Range, id., and that he could not challenge via 28 U.S.C. § 2255 any sentence within or below the Stipulated Guidelines Range except for ineffective assistance of counsel, id. at 4.

During Herrera's plea colloquy, Judge Forrest specifically allocuted him on the issue that he raises in this habeas petition:

> THE COURT: Now, in paragraph 3 you are also agreeing that a two-level increase in the offense level is applicable here because a firearm was possessed. Do you understand you are agreeing to that?

3

>     THE DEFENDANT: Yes.
>
>     THE COURT: That means that you will not be able to argue at the time of sentencing that a firearm was not possessed. Do you understand that?
>
>     THE DEFENDANT: Yes.

Plea Tr. at 18:21-19:4. The Court ultimately accepted Herrera's plea. Id. at 28:12-19.

On September 13, 2018, following Judge Forrest's resignation from the bench, the case was reassigned to the undersigned for sentencing. During sentencing on November 1, 2018, Herrera's counsel did not challenge the two-level increase to Herrera's base offense level for possession of a firearm, and the Court sentenced Herrera to 70 months' imprisonment. Sentencing Tr. at 20:12-13.

On October 30, 2019, Herrera petitioned the Court pro se to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his attorney's decision during sentencing not to contest the sentencing enhancement to which Herrera had agreed in his plea agreement constituted ineffective assistance of counsel.

## DISCUSSION

Under 28 U.S.C. § 2255, a convict in federal custody may petition the court that sentenced him to vacate his sentence for ineffective assistance of counsel. Massaro v. U.S., 538 U.S. 500, 504-506 (2003). When assessing a claim for ineffective assistance of counsel, "'[j]udicial scrutiny of counsel's performance must be highly deferential,' and 'a court must indulge a strong presumption

4

that counsel's conduct falls within the wide range of reasonable professional assistance.'" Grant v. United States, 725 Fed. App'x 76, 76 (2d Cir. 2018) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). "To overcome this strong presumption, a petitioner must establish that: (1) his 'counsel's representation fell below an objective standard of reasonableness'; and (2) 'any deficiencies in counsel's performance must be prejudicial to the defense.'" Id. (internal alteration omitted) (quoting Strickland, 466 U.S. at 688, 692).

Under the first prong of this test, "the petitioner must demonstrate 'that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.'" Id. (quoting Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). Under its second prong, "the petitioner must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). "A court need not address both prongs of the Strickland test; if either fails, the entire claim fails." Id.

Herrera does not argue that he entered the Plea Agreement due to ineffective assistance of counsel. Nor does he contest his possession of the .380 Smith & Wesson handgun. Instead, construed

5

liberally, Herrera contends that, contrary to his allocution with Judge Forrest, the Government was required to prove the applicability of the two-level sentencing enhancement for possessing the firearm, and that his counsel's failure to object on that basis during his sentencing constituted ineffective assistance of counsel.

But Herrera had agreed in the Plea Agreement not only to the Stipulated Guidelines Range, which included the sentencing enhancement for possession of the handgun, but also that he would not seek a downward departure from or adjustment to the Stipulated Guidelines Range. He had also acknowledged during his plea allocution that he could not challenge his possession of a firearm at sentencing. Accordingly, if Herrera's counsel had challenged the two-level increase during Herrera's sentencing, then he would have violated the Plea Agreement and exposed Herrera to prosecution for all three counts of the indictment. The Stipulated Guidelines Range, however, was far more favorable than the penalties for those counts, even with the sentencing enhancement. Indeed, putting aside the penalties Herrera faced from Count Two, he faced a mandatory minimum sentence of 120 months' imprisonment on Counts One and Three as each carried 60-month mandatory minimum sentences, with the sentence for Count Three statutorily required to run consecutively to any sentence for Count One. 18 U.S.C. § 924(c)(1)(D)(ii). See Melicharek v. U.S., No. 09 Civ. 8542 (SAS),

2010 WL 1948492, at \*3-4 (S.D.N.Y. May 13, 2010) (rejecting claim for ineffective assistance premised on counsel's decision not to challenge two sentencing enhancements at sentencing because doing so would have breached the plea agreement and exposed the defendant to imprisonment for longer than the stipulated Guidelines range).

Moreover, any challenge to the sentencing enhancement would likely have been futile. "In order for a defendant's projected Guidelines sentence to be enhanced under [U.S.S.G.] § 2D1.1(b)(1), 'the defendant need not have had personal possession, or even actual knowledge of the weapon's presence; the enhancement is required so long as the possession of the firearm was reasonably foreseeable to the defendant.'" U.S. v. Batista, 684 F.3d 333, 343 (2d Cir. 2012) (quoting U.S. v. Giraldo, 80 F.3d 667, 677 (2d Cir. 1996)). Given the handgun's presence in the same trap in which Herrera had concealed his cocaine, it is very difficult to envision the Government failing to establish the elements of the enhancement by a preponderance of the evidence.

In these circumstances, Herrera's counsel's decision not to violate the Plea Agreement and forgo its favorable terms is unassailable. See, e.g., Melicharek, 2010 WL at \*3-4 (rejecting § 2255 petition for the same reason in materially similar circumstances). Herrera has thus failed to establish the first prong of Strickland, which is fatal to his claim of ineffective assistance of counsel. See Grant, 725 Fed. App'x at 62. The

Court accordingly declines to consider Strickland's second prong. Id.[2]

**CONCLUSION**

The Court denies Herrera's petition for the reasons stated herein. The Clerk of Court is respectfully directed to terminate this motion and to close the case.

**SO ORDERED.**

Dated:    New York, New York
          December 2, 2019

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[2] Herrera's § 2255 petition also asserts that the Court plainly erred in not requiring the Government to prove the applicability of the sentencing enhancement. As the Court has explained, however, the Government was under no such obligation because Herrera had not only agreed to the sentencing enhancement in the Plea Agreement, but had also acknowledged during his plea allocution that he could not challenge his possession of a firearm at sentencing.

8

Copy to:

Lenin Herrera
Reg. No. 91202-054
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887