UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LENIN HERRERA,

                Petitioner,

        - against -

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------X

**MEMORANDUM & ORDER**

19 Civ. 10637 (NRB)
18 Cr. 13 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    This Memorandum and Order considers once again defendant Lenin Herrera's second petition under 28 U.S.C. §§ 2255 to vacate, set aside, or correct the below-Guidelines 70-month prison sentence he received for pleading guilty to knowingly and intentionally distributing and possessing with intent to distribute 500 grams and more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

    In sum and substance, Mr. Herrera argues that he received ineffective assistance of counsel because his attorney did not file an appeal challenging a two-level sentencing enhancement for possessing a firearm when committing the crime, even though (1) Mr. Herrera explicitly stipulated to the two-level sentencing enhancement and waived his right to appeal in the plea agreement, (2) Mr. Herrera received a sentence within the Guidelines range that would have been applicable had the enhancement not been

included in the Guidelines calculation, and (3) above all, Mr. Herrera never instructed his counsel to file any appeal. For the reasons below, Mr. Herrera's petition is denied.

**BACKGROUND**

While the Court assumes familiarity with its prior decisions in this case and the background described therein, a brief summary of the procedural history of this action is helpful.

On January 8, 2018, the Government filed a three-count indictment against Mr. Herrera that charged him with (1) knowingly and intentionally distributing and possessing with intent to distribute 500 grams and more of cocaine in violation of 21 U.S.C. § 841(b)(1)(B), (2) conspiring with others to do the same in violation of 21 U.S.C. § 846, and (3) using a firearm to carry out the narcotics crimes described above in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

If convicted on all three counts (or even just one narcotics count and the firearm count), Mr. Herrera would have faced a mandatory minimum sentence of 120 months' imprisonment.[1] Instead of Mr. Herrera facing the possibility of serving at least ten years in prison, his counsel negotiated an agreement with the Government

---

[1] See 21 U.S.C. § 841(b)(1)(B)(ii)(II) (requiring a minimum sentence of five years for distributing 500 grams and more of cocaine); id. § 846 (requiring a minimum sentence of five years for conspiring to do the same); 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(D)(ii) (requiring a minimum sentence of five years for using a firearm in connection with a drug trafficking crime to run consecutively to any other term of imprisonment imposed).

under which Mr. Herrera would plead guilty only to the narcotics trafficking crime charged in Count I of the indictment. As part of that Agreement, Mr. Herrera stipulated to a two-level sentencing enhancement for possessing a firearm in perpetrating the crime. The resulting stipulated Guidelines range under the plea agreement reflecting that enhancement was 87 to 108 months' imprisonment—12 to 33 months less than the <u>minimum</u> sentence he was facing.

Mr. Herrera accepted the plea agreement and confirmed at his change-of-plea hearing before Judge Forrest that he entered into the agreement knowingly and voluntarily. (ECF No. 19 at 10.)[2] He also specifically allocuted that he consented to the two-level firearm sentencing enhancement and explicitly acknowledged that this meant he would "not be able to argue at the time of sentencing that a firearm was not possessed." (<u>Id.</u> at 16-17.) Moreover, Mr. Herrera acknowledged under oath that he was forfeiting his right to appeal or collaterally attack any sentence up to 108 months' imprisonment. (<u>Id.</u> at 20-21.)

On November 1, 2018, this Court sentenced Mr. Herrera to 70 months' imprisonment. That sentence was not only 17 months below the bottom of the stipulated Guidelines range, it also represented a sentence that would have been at the very bottom of the

---

[2] Unless otherwise noted, all ECF citations in this Memorandum and Order are to Mr. Herrera's criminal case, 18 Cr. 13.

Guidelines range had the two-level firearm sentencing enhancement never been applied.

Nevertheless, in November 2019, Mr. Herrera filed his first Section 2255 petition claiming ineffective assistance of counsel on the basis that his attorney failed to contest the two-level sentencing enhancement. Given that Mr. Herrera stipulated to that enhancement in the plea agreement and allocuted to it during his change-of-plea hearing, the Court denied that application as meritless in December 2019. Herrera v. United States, No. 18 CR. 13 (NRB), 2019 WL 6498102 (S.D.N.Y. Dec. 2, 2019) ("Herrera I"). In January 2020, Mr. Herrera sought reconsideration of this ruling under Fed. R. Civ. P. 59(e), which the Court denied. Herrera v. United States, No. 18 CR. 13 (NRB), 2020 WL 1322543 (S.D.N.Y. Mar. 19, 2020) ("Herrera II").

In May 2020, Mr. Herrera filed a second Section 2255 petition claiming ineffective assistance of counsel on a different theory. This time, Mr. Herrera argued that his lawyer's performance was deficient because he did not file a notice of appeal to challenge the two-level firearm sentencing enhancement. As Mr. Herrera never requested nor directed that his counsel file an appeal, this Court observed that Mr. Herrera's petition was "patently frivolous." Herrera v. United States, No. 18 CR. 13 (NRB), 2020 WL 2835747, at *1 (S.D.N.Y. June 1, 2020) ("Herrera III"). However, the Court ultimately determined that it lacked jurisdiction to adjudicate

Mr. Herrera's second ineffective assistance of counsel petition because it was "second or successive" to his first ineffective assistance of counsel petition within the meaning of 28 U.S.C. §§ 2255(h). We therefore transferred the petition to the Second Circuit for consideration of whether it would certify a second petition for disposition. Id. at *2.

The Second Circuit found that Mr. Herrera's petition was not "second or successive" because (1) the time to appeal Mr. Herrera's first petition had not run at the time the second petition was filed, and (2) the two petitions raised separate issues, as the first petition concerned counsel's failure to challenge the stipulated sentencing enhancement whereas the second petition concerned counsel's failure to file an appeal challenging the stipulated sentencing enhancement. Herrera v. United States, No. 20-1732 (2d Cir.) ("Herrera IV"). The Second Circuit thus held that Mr. Herrera's application was moot and returned the petition to this Court for consideration. Id.

## **DISCUSSION**

A claim of ineffective assistance of counsel may be pursued on a Section 2255 petition. Massaro v. U.S., 538 U.S. 500, 504-506 (2003). When assessing a claim for ineffective assistance of counsel, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

–5–

professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). To overcome this strong presumption, a petitioner must establish that: (1) his "counsel's representation fell below an objective standard of reasonableness"; and (2) "any deficiencies in counsel's performance must be prejudicial to the defense." Id. at 688, 692.

When, as here, the basis of the ineffective assistance of counsel claim is the failure to file a notice of appeal, a petitioner may show that counsel's performance was unreasonable in two ways: (1) by proving that counsel disregarded a defendant's express instructions to file an appeal; or (2) by demonstrating that counsel unreasonably failed to consult with the defendant about the advantages and disadvantages of taking an appeal and determine whether the defendant wished to file an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 476-81 (2000); accord Garza v. Idaho, 139 S. Ct. 738, 746-47 (2019); see also Campusano v. United States, 442 F.3d 770, 773 & n.3 (2d Cir. 2006) (internal citation omitted) (summarizing framework); Robinson v. United States, No. 18 Cr. 373 (RJS), 2021 WL 568171, at *9 (S.D.N.Y. Feb. 16, 2021) (same). Under these circumstances, prejudice is presumed because counsel's deficient performance can result in a forfeiture of petitioner's right to appeal. Campusano, 442 F.3d at 773 & n.3.

Applying this standard, the Court now adopts as its disposition what it suggested before in dicta: Mr. Herrera's claim

of ineffective assistance of counsel for failure to file a notice of appeal to challenge the sentencing enhancement is meritless.

First, as the Court previously noted, Mr. Herrera does not claim, nor is there any indication in the record, that he instructed his attorney to file a notice of appeal following sentencing.[3]

Second, there is no suggestion in the record that counsel unreasonably failed to consult with Mr. Herrera regarding an appeal. At sentencing, following the Court's statement to Mr. Herrera that he has a right to appeal (subject to any waivers he may have agreed to), counsel confirmed that he had conferred with Mr. Herrera about a potential appeal and would continue to confer with him about an appeal. (ECF No. 36 at 22.) Mr. Herrera does not now, nor has he ever, suggested that this consultation never occurred.

Even assuming, for the sake of argument, that counsel's consultation with Mr. Herrera never occurred or had been lacking in some way, there is nothing in the record that suggests that counsel's failure to consult with Mr. Herrera about a potential appeal of the two-level firearm sentencing enhancement was

---

[3] As Mr. Herrera's petition does not claim that he ever instructed his counsel file an appeal, the Court finds that there is no need to hold an evidentiary hearing to determine whether any such instruction was actually given. Cf. Campusano v. United States, 442 F.3d 770, 776 (2d Cir. 2006) ("When a defendant claims that his attorney failed to file a requested notice of appeal, . . . a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal" will ensue.).

unreasonable.  As the Supreme Court explained in Flores-Ortega, this inquiry focuses on whether "there is reason to think" either that "this particular defendant reasonably demonstrated to counsel that he was interested in appealing" or that "a rational defendant would want to appeal."  528 U.S. at 480.  Factors critical to this inquiry include whether the conviction follows a guilty plea, whether the defendant received the sentence he bargained for, whether the defendant reserved his appellate rights, and whether there are non-frivolous grounds for appeal.  See id.

As noted earlier, there is nothing in the record here that suggests that Mr. Herrera indicated to his counsel that he was interested in appealing after the sentence.

Moreover, it would defy reason to conclude that any rational defendant in Mr. Herrera's position would want to appeal the sentence he received for three reasons.  First, any appeal of the two-level firearm sentencing enhancement would be frivolous because Mr. Herrera stipulated to the enhancement in the plea agreement, allocuted that he agreed that the sentencing enhancement should apply, and, in any event, expressly waived his right to appeal any sentence up to 108 months' imprisonment, the upper bound of the stipulated Guidelines range that reflected that enhancement.  Second, Mr. Herrera received a 70-month sentence, which was not only 17 months below the bottom of the Guidelines range he bargained for but also at the very bottom of what the

Guidelines range would have been had the sentencing enhancement never been applied to the Guidelines calculations. Even ignoring the stipulation, allocution, and waiver concerning the sentencing enhancement, this alone demonstrates that Mr. Herrera's appeal would have been entirely baseless. Third, notwithstanding any of the above, a successful appeal of Mr. Herrera's conviction and sentence would result in putting him back in the position of potentially facing a minimum sentence of 120 months' imprisonment under the indictment, a punishment 50 months more severe than the sentence he received.

Under these circumstances, we cannot conclude that counsel's performance was constitutionally deficient. See Flores-Ortega, 528 U.S. at 479-81; see also, e.g., Padin v. U.S., 521 F. App'x 36, *38 (2d Cir. 2013) (summary order) ("Padin entered a guilty plea, he received a sentence at the low end of the Guidelines range he agreed to, and he waived his right to appeal a sentence within or below that range. Accordingly, we conclude that the district court did not err in holding that defense counsel did not render constitutionally defective assistance by failing to file a notice of appeal.").

## **CONCLUSION**

For the reasons above, Mr. Herrera's petition is denied. Furthermore, as Mr. Herrera has failed to make a substantial showing of the denial of a constitutional right, the Court will

not issue a certificate of appealability. 28 U.S.C. § 2253. Moreover, it is hereby certified that any appeal from this Memorandum and Order would not be taken in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close the above-captioned cases and terminate all pending motions.

    **SO ORDERED.**

Dated:    New York, New York
           May 13, 2021

                                            NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

A copy of the foregoing Order has been sent via FedEx on this date to the following:

Lenin Herrera
Reg. No. 91202-054
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887